IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RICKY GUNTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:19CV405 |
| ) | 1:14CR53-1 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action submitted a filing related to the First Step Act of 2018. Section 404 of the First Step Act of 2018 provides that the Court "may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Here, initial screening of Petitioner's filing reveals that Petitioner was already sentenced under the statutory provisions in effect after August 3, 2010. For this reason, Petitioner cannot assert a claim under Section 404 of the First Step Act.

Petitioner also does not appear to raise any separate claim under 28 U.S.C. § 2255, but the Court treated his filing as a Motion (Docket Entry 44) under that statute for administrative purposes and out of an abundance of caution given that Petitioner seeks to attack the sentence he received in this Court. If Petitioner does seek to raise a viable claim under § 2255, he should contact the Clerk's Office to obtain the proper § 2255 forms and file

his Motion using those forms.[1] The present action should be dismissed without prejudice to him doing so.

IT IS THEREFORE RECOMMENDED that Petitioner's request for relief under the First Step Act be denied and that this action be dismissed sua sponte without prejudice to Petitioner promptly filing a corrected motion on the proper § 2255 forms if he seeks to attack his sentence under that statute.

This, the 11th day of June, 2019.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

---

[1] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first motion which would later trigger the prohibitions against second or successive motions found in 28 U.S.C. § 2255(h). However, if Petitioner chooses to later submit a § 2255 motion that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2255 motion decided on its merits. Second or successive motions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a motion. 28 U.S.C. §§ 2255(h) and 2244. That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a motion. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2255 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. To the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any refiling by Petitioner. If Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2255 forms in that instance. Finally, Petitioner may choose not to submit a motion, in which case his claims will not be considered further.