IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RICKY GUNTER,                    )
                                 )
        Petitioner,               )
                                 )
    v.                           )    1:20CV398
                                 )    1:14CR53-1
UNITED STATES OF AMERICA,        )
                                 )
        Respondent.               )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action submitted a Motion (Docket Entry 53) to vacate, set aside, or correct his sentence. Rule 4(b), Rules Governing Section 2255 Proceedings, states:

> If it plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Petitioner's Motion lists two grounds for relief, the first of which reads, "I didn't get the 2 point reduction" and is supported by the statement that "[t]he 2 point reduction did not come into effect until Nov 1, 2014, i was sentence[d] Aug 20, 2014." Although the claim and supporting statement are not clear or detailed, the date used, November 1, 2014, and two of Petitioner's recent prior filings (Docket Entries 49, 52), make it clear that the claim refers to an amendment to the drug calculation tables of the United States Sentencing Guidelines that occurred on that date. As the Court informed Petitioner in an earlier Order and Recommendation (Docket Entry 50), such a claim is not viable. To the extent Petitioner

claims that an erroneous Guidelines calculation produced his sentence, such a claim is not cognizable on collateral review. United States v. Foote, 784 F.3d 931, 943 (4th Cir. 2015). Furthermore, the drug calculation tables did not ultimately control or affect Petitioner's sentence, which was instead determined based on his status as a career offender under USSG § 4B1.1. (Docket Entry 15, ¶¶ 16-22.) The change in the drug tables could not affect that calculation. Any challenge to the use of the drug tables or based on the later amendment fails and should be dismissed.

The second ground for relief in the Motion reads "the residual clause is void for vagueness," with a supporting statement that "[i]f i was sentence[d] after Aug 1, 2016 i would've never got a career offender enhancement." Again, this claim is neither entirely clear nor expansive in its explanation. However, it is appears that Petitioner intends to raise a claim attacking his career offender enhancement based on the case of Johnson v. United States, 576 U.S. ____, 135 S.Ct. 2551 (2015), which upheld a vagueness challenge under the Due Process Clause with respect to the Armed Career Criminal Act, 18 U.S.C. § 924(e). The United States Supreme Court previously issued Beckles v. United States, ___ U.S. ___, 137 S. Ct. 886 (2017), in which it held that the advisory Guidelines, and specifically the career offender enhancement, are not subject to the type of vagueness challenge that prevailed in Johnson. Id. at 895. Thus, like the petitioner in Beckles, Petitioner cannot seek relief from his sentence based on that type of challenge.

Based on statement in a prior filing (Docket Entry 52), Petitioner may also be seeking retroactive application of an amendment to the career offender provision that occurred in

2016. If so, any such claim would have to be raised not under § 2255, but under 18 U.S.C. § 3582(c)(2) which allows for the retroactive application of amendments to the United States Sentencing Guidelines, but only where explicitly made retroactive by the United States Sentencing Commission in USSG § 1B1.10(d). Petitioner does not identify the amendment upon which he seeks to rely other than to state it occurred in August of 2016. However, it appears from the nature of his claim that he may refer to Amendment 798, which is not listed as a retroactive amendment. In fact, the last retroactive amendment set out in § 1B1.10(d) is Amendment 782, which became effective in 2014. Therefore, Petitioner does not point to any retroactive amendment and cannot seek alternative relief under § 3582(c)(2). Petitioner's second claim for relief fails on its face and should be denied.

Because the grounds for relief set out in Petitioner's Motion fail to allege a violation of the Constitution, laws or treaties of the United States, the Motion states no claim for relief and should be dismissed. In light of this recommended dismissal pursuant to Rule 4(b), Rules Governing Section 2255 Proceedings, the United States need not respond. The Clerk will notify Petitioner of this Recommendation, his right to file objections, and any ultimate dismissal and entry of judgment.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion (Docket Entry 53) to vacate, set aside or correct sentence be denied, that judgment be entered dismissing the action, and that, there being no substantial issue for appeal concerning the denial of a

constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

This, the 6th day of May, 2020.

                                               /s/ L. Patrick Auld
                                                    **L. Patrick Auld**
                                       **United States Magistrate Judge**